**UNITED STATES of America, Plaintiff,**

v.

**PERPETUAL HELP'S BOYS HOME, also known as Perpetual Help's Society, Inc., Helen Grammer, Security Savings and Loan Association, Rudolph A. Zivnuska, Executor of the Estate of Flora A. Zivnuska, Deceased, Milwaukee Home for Aged Jews, also known as Jewish Home for the Aged and the City of Milwaukee, Defendants.**

**Helen GRAMMER, Plaintiff,**

v.

**UNITED STATES of America, Perpetual Help's Boys Home, a/k/a Perpetual Help's Society, Inc., Clyde J. Sarzin, Max Owens, Theo L. Kahn, Ludwig Kahn and Bertha Kahn, co-partners doing business as U. S. Surplus Stores, Dernehl-Taylor Co., Inc. and City of Milwaukee, Defendants.**

Civ. A. Nos. 76–C–193, 77–C–34.

United States District Court,
E. D. Wisconsin.

May 15, 1978.

James B. Brennan, City Atty., by Walter J. Schutz and Gerald V. Kortsch, Asst. City Attys., Milwaukee, Wis., for City of Milwaukee.

Earl J. Kuehl, Milwaukee, Wis., for Helen Grammer.

William J. Mulligan, U.S. Atty., by John A. Nelson, Asst. U.S. Atty., Milwaukee, Wis., for United States of America; Gerald A. Kafka, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., of counsel.

Noreen G. Bengston, Madison, Wis., for Perpetual Help's Boys Home & Rudolph Zivnuska.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

*United States v. Perpetual Help's Boys Home, et al.*, C.A. No. 76–C–193, is an action to foreclose federal tax liens and to collect unpaid federal taxes allegedly owing from the defendant Perpetual Help's Boys Home, a/k/a Perpetual Help's Society, Inc. ("Boys Home"), to the plaintiff United States. The other defendants, including Helen Grammer, are persons who have or may claim some interest in the property in which the plaintiff claims an interest.

*Grammer v. United States, et al.*, C.A. No. 77–C–34, is an action for amounts due on a land contract allegedly entered into by the plaintiff Helen Grammer and her husband Vernon Grammer with the defendant Perpetual Help's Boys Home. The other defendants are persons who have or may claim some interest in the property which is the subject of the land contract.

The defendant United States has moved in C.A. No. 77–C–34 to consolidate that action with C.A. No. 76–C–193, alleging that the same issues, the same parcel of property, and many of the same parties are involved in both actions. The motion is unopposed and will be granted. The complaint in C.A. No. 76–C–193 concerns two parcels of property—one, in which Helen Grammer also claims an interest, is located at 2905 West Highland Boulevard, Milwaukee, Wisconsin, and the other is located at 2915 West Highland Boulevard, Milwaukee, Wisconsin. The Court finds that it will be in the interests of judicial economy and a consistent resolution of the issues to consolidate these actions.

There are three motions pending. The plaintiff United States has moved in C.A. No. 76–C–193 for summary judgment. It seeks a judicial resolution of the priorities among the claimants to the two parcels of property, judgment of foreclosure and an order for distribution of the proceeds of the sale in accordance with the priorities established, and judgment against the defendant Boys Home in the amount which may remain due and owing to the plaintiff United States from that defendant following distribution of the proceeds. In C.A. No. 77–C–34, the defendant United States has moved for dismissal as to itself of the first cause of action, in which the plaintiff Grammer seeks a monetary judgment on her claim. Plaintiff Grammer seeks summary judgment. For the reasons hereinafter stated, the motions of the United States will be granted, and the motion of Helen Grammer will be granted in part and denied in part.

There is no factual dispute. The parties,[1] including the United States, Helen Grammer, and the Boys Home, have agreed by stipulation of facts filed on June 16, 1977, in C.A. No. 76–C–193 that the defendant Boys Home has an interest in two parcels of real property, one located at 2905 West High-

---

1. The defendants Security Savings and Loan Association and Milwaukee Home for Aged Jews, a/k/a Jewish Home for the Aged, have failed to appear in C.A. No. 76–C–193 and are not parties to the stipulation of facts. The defendants Clyde J. Sarzin, Max Owens, Theo L. Kahn, Ludwig Kahn, and Bertha Kahn, co-partners d/b/a U.S. Surplus Stores, and Dernehl-Taylor Co., Inc., have failed to appear in C.A. No. 77–C–34 and are not parties to the stipulation of facts.

land Boulevard, Milwaukee, Wisconsin,[2] and the other located at 2915 West Highland Boulevard, Milwaukee, Wisconsin;[3] that the Boys Home acquired its interest in the 2905 West Highland Boulevard property by land contract with Vernon Grammer and the defendant Helen Grammer, which document was recorded with the Milwaukee County Register of Deeds on June 25, 1969, and on which there remains due and owing to Helen Grammer the principal amount of $12,211.06; that the Boys Home acquired its interest in the 2915 West Highland Boulevard property by warranty deed dated March 25, 1967, from Flora A. Zivnuska, and Flora Zivnuska received a mortgage from the Boys Home in the original amount of $15,570, recorded with the Milwaukee County Register of Deeds on April 22, 1967, and a second mortgage in the amount of $18,870.69, recorded on November 26, 1968; that on March 20, 1970, the United States assessed against the Boys Home unpaid employment and social security taxes in the amount of $6,778.01 and filed a lien as to the two properties listed above on April 9, 1970, with the Milwaukee County Register of Deeds and the Wisconsin Secretary of State; that the City of Milwaukee has special assessment claims against the two properties totaling $4,745.26 and $3,072.84 as of July 31, 1976; and that the County of Milwaukee has outstanding assessment claims against the properties totaling $294.84 and $316.56 as of July 31, 1976.

There is also no dispute among the parties as to the status of and legal priorities among the claimants. The United States in its motion for summary judgment, which is unopposed, and its brief in support thereof, asserts (1) that the outstanding assessment claims by the City of Milwaukee and County of Milwaukee against the two parcels of real estate are entitled to first priority of proceeds of sale of the properties pursuant to 26 U.S.C. § 6323(b)(6) and § 66.20, Wis. Stats. (1975);[4] (2) that the security interest held by Helen Grammer is entitled to second priority as to the 2905 West Highland Boulevard property pursuant to 26 U.S.C. §§ 6323(a) and (h); (3) that the security interests held by the estate of Flora Zivnuska are entitled to second priority as to the 2915 West Highland Boulevard property pursuant to 26 U.S.C. §§ 6323(a), (f), and (g); and (4) that the tax liens held by the plaintiff United States are entitled to third priority in the proceeds from a sale of the two parcels pursuant to 26 U.S.C. §§ 6323(a), (f), and (g). The Court agrees with the statement of the applicable law as set forth in the brief of the plaintiff United States and finds that the priorities are as set forth above.

In regard to the motions filed in C.A. No. 77–C–34, the motion of the defendant United States to dismiss the first cause of action as to itself is granted. Plaintiff seeks in that cause of action a monetary judgment against the defendants. Section 2410 of Title 28 U.S.C. permits suits against the United States to foreclose a mortgage or other lien upon real property on which the United States claims a lien. However, pursuant to 28 U.S.C. § 2410(c):

> North East One-quarter (¼) of Section numbered Twenty-five (25), Town numbered Seven (7) North, of Range numbered Twenty-one (21) East, in the City of Milwaukee."

---

2. The legal description of this parcel of property is: "Lot numbered One (1), in Block numbered Five (5), in Subdivision of Block numbered Five (5) of the Subdivision of Lots numbered Ten (10) to Nineteen (19) inclusive, in Dousman's Subdivision, in the North East One-quarter (¼) of Section numbered Twenty-five (25), in Township numbered Seven (7) North, Range numbered Twenty-one (21) East, in the City of Milwaukee."

3. The legal description of this parcel of property is: "Lot numbered Two (2) and the East Twenty-five (25) feet of Lot numbered Three (3) in Subdivision of Block Five (5) in Subdivision of Lots numbered Ten (10) to Nineteen (19) inclusive in Dousman's Subdivision of the

4. Plaintiff Helen Grammer in C.A. No. 77–C–34 has failed to name Milwaukee County as a claimant, and she asserts in her motion for summary judgment that the only person or entity with a possible priority over her claim to the 2905 West Highland Boulevard property is the City of Milwaukee. However, she has agreed in paragraph 14 of the stipulation of facts filed in C.A. No. 76–C–193 that Milwaukee County has a claim for assessments as to the 2905 West Highland Boulevard property.

" * * * [A]n action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale. * * * "

Since the plaintiff has not sought judicial sale, her action is barred against the United States.

As to the plaintiff Grammer's other demands, she will be granted judgment on her first cause of action against the defendant Boys Home for any amount which may remain due and owing to her following distribution of the proceeds of sale of the land.[5] As to her second cause of action, the Court has determined above that her claim has priority over that of the defendant United States in the 2905 West Highland Boulevard property.

For the foregoing reasons,

IT IS ORDERED that the motions of the plaintiff United States for summary judgment in C.A. No. 76–C–193 and for dismissal of the first cause of action as to itself in C.A. No. 77–C–34 are granted.

IT IS FURTHER ORDERED that the two parcels of property located at 2905 and 2915 West Highland Boulevard, the legal descriptions of which are set forth in footnotes numbered "2" and "3" of this decision and order, in which the defendant Perpetual Help's Boys Home, a/k/a Perpetual Help's Society, Inc., has an interest, be sold at foreclosure under the direction and control of the United States Marshal on or before July 17, 1978.

IT IS FURTHER ORDERED that the proceeds of such sale be distributed in accordance with the priorities set forth above.

IT IS FURTHER ORDERED that following distribution of the proceeds, judgment be entered for the plaintiff United States against the defendant Perpetual Help's Boys Home, a/k/a Perpetual Help's Society, Inc., in the amount which may remain due and owing to the plaintiff on the tax liens held by plaintiff on the property of said defendant located at 2905 and 2915 West Highland Boulevard, plus statutory interest.

IT IS FURTHER ORDERED that following distribution of the proceeds, judgment be entered for the plaintiff Helen Grammer in C.A. No. 77–C–34 against the defendant Perpetual Help's Boys Home, a/k/a Perpetual Help's Society, Inc., in the amount which may remain due and owing to her under the land contract entered into between her and said defendant in reference to the 2905 West Highland Boulevard property.

---

5. The defendants Boys Home answered the complaint in C.A. No. 77–C–34, asserting that it was improperly named as a party therein because it had assigned the land contract to a third party. It did not respond to plaintiff's motion for summary judgment and cannot rely on the allegations of the pleadings for purposes of a summary judgment motion. Furthermore, it has agreed in paragraphs 3 and 4 of the stipulation of facts filed in C.A. No. 76–C–193, that it has an interest in the 2905 West Highland Boulevard property, which interest it acquired by way of land contract with Vernon and Helen Grammer.